# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **CHRISTIAN MOJICA**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**CARMINE MARCENO**, as the duly elected Sheriff of Lee County, Florida,<br><br>Defendant. | **CIVIL ACTION**<br><br>Case No.   2:22-cv-302<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **CHRISTIAN MOJICA** ("MOJICA"), by and through undersigned counsel, and brings this action against Carmine Marceno, as the duly elected Sheriff of Lee County, Florida ("Defendant") and states the following for his Complaint:

## INTRODUCTION

1.      This is an action brought under the Americans With Disabilities Act (ADA), Florida Civil Rights Act (FCRA) and Florida's Public Whistleblower Act (PWA) for (1) discrimination in violation of the ADA, (2) discrimination in violation of the FCRA, (3) retaliation in violation of the ADA, (4) retaliation in violation of the FCRA, and (5) retaliation in violation of the PWA.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331.

3.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff' claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since Lee County is within the Fort Myers Division.

5.     **MOJICA** received his Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on March 9, 2022 and this action was filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit A).

## PARTIES

6.     Plaintiff, **CHRISTIAN MOJICA** ("**MOJICA**") is an individual and a resident of Florida who at all material times resided in Lee County, Florida and was employed by the Defendant in Lee County, Florida.

7.      Defendant, **CARMINE MARCENO** ("Sheriff" or "Defendant") is the duly elected Sheriff of Lee County, Florida. The Defendant was Plaintiff's employer and employs well in excess of 15-employees.

## GENERAL ALLEGATIONS

8.      **MOJICA** began his employment with the Defendant on April 9, 2007 as a Trainee in the Corrections Bureau. In August of 2007, **MOJICA** passed the State of Florida Corrections Exam and was accordingly promoted to the Corrections Field Training Program (FTP), effective August 29, 2007. Following his successful completion of the FTP, **MOJICA** was certified as a Jail Corrections Officer, effective October 18, 2007. **MOJICA** continued in this position until June 22, 2016, when he was promoted to the rank of Sergeant. Thereafter, **MOJICA** was reassigned to work Side-A nights at the Defendant's Downtown Jail Facility effective May 20, 2020.

9.      **MOJICA** always performed his assigned duties in a professional manner and was very well qualified for his position.

10.     **MOJICA** always received positive performance reviews until he began to request reasonable accommodations for his disabilities and objected to the Defendant's repeated noncompliance with federal and state law.

11.     **MOJICA**'s disabilities consist of mental-emotional impairments (PTSD), which affects the major life activities of thinking, coping and working, and which is exacerbated by working the night shift.

12.     Beginning January 18, 2021, **MOJICA** commenced his previously approved FMLA leave due to the anticipated birth of his child. **MOJICA** thereafter returned to full-duty status effective, February 15, 2021. On March 1, 2021, **MOJICA** again took FMLA leave, again due to the birth of his child.

13.     During that time, **MOJICA** spoke with his treating physician, who advised that he required reasonable accommodations, which consisted of a transfer from working the night shift to the day shift. On February 21, 2021, **MOJICA** requested a reasonable accommodation of being transferred to the day shift (for which there were openings) – this request was communicated to the Defendant's Director of Human Resources. In the weeks that followed, several emails were exchanged between **MOJICA** and many other of the Defendant's administrators.

14.     On March 10th, 2021, **MOJICA**'s physician submitted a reasonable accommodation to the Defendant's Director of Human Resources. These requests for reasonable accommodations were promptly communicated to **MOJICA**'s supervisors.

15.     However, **MOJICA** was denied this accommodation stating that there is no space in day shift. Since **MOJICA** submitted this accommodation, multiple sergeants have been transferred to days. As a result, **MOJICA** remained on continuous FMLA leave until April 1, 2021, at which time **MOJICA** applied for and was approved to take intermittent FMLA.

16.     As a result, **MOJICA** made a written complaint of disability harassment and discrimination to the Defendant (Major Sands and Chief Smith) on April 14, 2021. Major Sands opened an investigation and asked **MOJICA** to participate, which he did.

17.     On April 27, 2021, **MOJICA** met with Major Sands and Chief Smith to discuss his ongoing concerns regarding his request for reasonable accommodations being denied and problems related thereto with his current shift assignment and supervisor (i.e., Lieutenant Bramblet). During this meeting, **MOJICA** expressed that he felt Lieutenant Bramblet was "targeting" him, through the denial of **MOJICA**'s requested vacation time, intentionally citing **MOJICA** with "negative" performance evaluations, and improperly issuing **MOJICA** a written reprimand. Pursuant to these discussions, Major Sands and Chief Smith assured **MOJICA** they would investigate his claims and follow up with proposed resolutions. Following this meeting, **MOJICA** subsequently submitted three written memorandums citing violations of federal and state law, in addition to other issues arising through his interactions with Lieutenant Bramblet, as well as various other agency personnel on his shift.

18.     On May 14, 2021, **MOJICA** sent the Defendant's Risk Management an email regarding the harassment related to his disability and the denial of his request for reasonable accommodations.

19.     On May 17, 2021, **MOJICA** learned that a similarly situated law enforcement officer was reassigned to the day shift by the Defendant.

20.     On May 26, 2021, **MOJICA** submitted a letter to Chief Smith and Major Sands objecting to the Defendant's employees sharing his protected health information with his coworkers.

21.     On May 27, 2021, Major Sands requested **MOJICA** meet with him again regarding **MOJICA**'s complaints. During that meeting, **MOJICA** forwarded several complaints regarding several employees (including his supervisor) who were openly talking to others about **MOJICA**'s private personal health conditions including PTSD. **MOJICA** followed this up by submitting a written complaint to Chief Smith and Major Sands regarding the above on May 28, 2021. Later that day, **MOJICA** learned that a similarly situated law enforcement officer was reassigned to the day shift by the Defendant.

22.     On May 31, 2021, **MOJICA** submitted another written complaint to Chief Smith and Major Sands regarding the ongoing disability harassment and discrimination that his supervisor was subjecting him to.

23.     Major Sands and Chief Smith held a follow up meeting with **MOJICA** on June 8, 2021. During this subsequent meeting, **MOJICA**'s written complaints were reviewed, and **MOJICA** made a further disclosure that several of the Defendant's employees handling his FMLA and ADA requests had disclosed his protected health information in violation of the ADA, FMLA and HIPAA.

Accordingly, Major Sands and Chief Smith decided to transfer **MOJICA** but not reassign him to the day shift.

24.    On June 20, 2021, **MOJICA** learned that a similarly situated law enforcement officer was reassigned to the day shift by the Defendant.  On June 28, 2021, Mojica learned that another Sergeant was reassigned to day shift and another position was created.

25.    On August 6, 2021, **MOJICA** filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission.

26.    On September 29, 2021, **MOJICA** learned that a similarly situated law enforcement officer was reassigned to the day shift by the Defendant.

27.    On December 6, 2021, **MOJICA** learned that a similarly situated law enforcement officer was reassigned to the day shift by the Defendant. That day, **MOJICA** submitted a written complaint to Defendant's Legal Department regarding the Defendant violating the ADA and FCRA by denying him his requested reasonable accommodation and discriminating against him. **MOJICA** sent further written complaints citing the above on December 24, 2021 and December 27, 2021.

28.    On December 29, 2021, placed **MOJICA** on administrative leave directly because of his prior complaints, alleging that they might be untruthful (even though they were completely truthful).

29.    The Defendant was terminated February 24, 2022.

## COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

30.     Plaintiff incorporates by reference Paragraphs 1-29 of this Complaint as though fully set forth below.

31.     At all relevant times, **MOJICA** was an individual with a disability within the meaning of the ADAAA.

32.     Specifically, **MOJICA** has impairments that would substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

33.     **MOJICA** is a qualified individual as that term is defined in the ADAAA.

34.     **MOJICA** is an individual who, with reasonable accommodation, at all relevant times could perform the essential functions of the job with the Defendant.

35.     At all material times, **MOJICA** was an employee and the Defendant was his employer covered by and within the meaning of the ADAAA.

36.     **MOJICA** has disabilities, which qualify under the ADAAA.

37.     Defendant discriminated against **MOJICA** with respect to the terms, conditions, and privileges of employment because of his disabilities.

38.     Defendant conducted itself with malice or with reckless indifference to **MOJICA**'s federally protected rights.

39.     Defendant discriminated against **MOJICA** in violation of the ADAAA by interfering with his enjoyment of all benefits, privileges, terms, and conditions of his employment.

40.     The conduct of Defendant altered the terms and conditions of **MOJICA**'s employment and **MOJICA** suffered negative employment action in the form of discipline and termination.

41.     As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **MOJICA** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

42.     As a direct and proximate result of the violations of the ADAAA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **MOJICA** is entitled to all relief necessary to make him whole.

43.     As a direct and proximate result of the Defendant's actions, **MOJICA** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

44.     **MOJICA** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii.     Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv.     Reasonable attorney's fees plus costs;

v.      Compensatory damages, and;

vi.     Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- DISABILITY DISCRIMINATION

45.     Plaintiff incorporates by reference Paragraphs 1-29 of this Complaint as though fully set forth below.

46.     At all relevant times, **MOJICA** was an individual with a disability within the meaning of the FCRA.

47.     Specifically, **MOJICA** has impairments that would substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

48.     **MOJICA** is a qualified individual as that term is defined in the FCRA.

49.     **MOJICA** is an individual who, with reasonable accommodation, at all relevant times could perform the essential functions of the job with the Defendant.

50.     At all material times, **MOJICA** was an employee and the Defendant was his employer covered by and within the meaning of the FCRA.

51.     **MOJICA** has disabilities, which qualify under the FCRA.

52.     Defendant discriminated against **MOJICA** with respect to the terms, conditions, and privileges of employment because of his disabilities.

53.     Defendant conducted itself with malice or with reckless indifference to **MOJICA**'s protected rights under Florida law.

54.     Defendant discriminated against **MOJICA** in violation of the FCRA by interfering with his enjoyment of all benefits, privileges, terms, and conditions of his employment.

55.     The conduct of the Defendant altered the terms and conditions of **MOJICA**'s employment and **MOJICA** suffered negative employment action in the form of discipline and termination.

56.     As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **MOJICA** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

57.     As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **MOJICA** is entitled to all relief necessary to make him whole.

58.     As a direct and proximate result of the Defendant's actions, **MOJICA** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

59.     **MOJICA** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii.   Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii.   Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv.   Reasonable attorney's fees plus costs;

v.   Compensatory damages, and;

vi.   Such other relief as this Court shall deem appropriate.

## COUNT III – VIOLATION OF THE ADAAA- RETALIATION

60.   Plaintiff incorporates by reference Paragraphs 1-29 of this Complaint as though fully set forth below.

61.   Following **MOJICA**'s request for reasonable accommodation, Defendant retaliated by altering the terms and conditions of his employment by terminating **MOJICA**.

62.   Said protected activity was the proximate cause of Defendant's negative employment actions against **MOJICA** including changed working conditions, discipline, and ultimately termination.

63.   Instead of ceasing its disparate treatment based upon disability, Defendant retaliated against **MOJICA** via changed working conditions, discipline, and termination.

64.   The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the ADAAA.

65.     As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **MOJICA** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

66.     As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **MOJICA** is entitled to all relief necessary to make him whole as provided for under the ADAAA.

67.     As a direct and proximate result of Defendant's actions, **MOJICA** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

68.     **MOJICA** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii.      Front pay, including raises, benefits, insurance costs, benefits costs,

         and retirement benefits;

iii.     Reimbursement of all expenses and financial losses Plaintiff has

         incurred as a result of the Defendant's actions;

iv.      Reasonable attorney's fees plus costs;

v.       Compensatory damages, and;

vi.      Such other relief as this Court shall deem appropriate.

## COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992-RETALIATION

69.      Plaintiff incorporates by reference Paragraphs 1-29 of this Complaint as though fully set forth below.

70.      Following **MOJICA**'s request for reasonable accommodation, Defendant retaliated by altering the terms and conditions of his employment by terminating **MOJICA**.

71.      Said protected activity was the proximate cause of Defendant's negative employment actions against **MOJICA** including changed working conditions, discipline, and ultimately termination.

72.      Instead of ceasing its disparate treatment based upon disability, Defendant retaliated against **MOJICA** via changed working conditions, discipline, and termination.

15

73. The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the FCRA.

74. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **MOJICA** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

75. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **MOJICA** is entitled to all relief necessary to make him whole as provided for under the FCRA.

76. As a direct and proximate result of Defendant's actions, **MOJICA** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

77. **MOJICA** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he

16

maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii.     Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv.     Reasonable attorney's fees plus costs;

v.      Compensatory damages, and;

vi.     Such other relief as this Court shall deem appropriate.

## COUNT V – VIOLATION OF FLORIDA'S PUBLIC WHISTLEBLOWER ACT

78.     Plaintiff incorporates by reference Paragraphs 1-29 of this Complaint as though fully set forth below.

79.     At all material times, **MOJICA** was an employee and the Defendant was his employer covered by and within the meaning of the PWA.

80.     **MOJICA** was qualified for the position that he held with the Defendant.

81.     **MOJICA** did engage in statutorily protected activity.

82.     **MOJICA** did make several disclosures of the Defendant's violations of federal and Florida law and of gross mismanagement, malfeasance and misfeasance to the Defendant.

83.     **MOJICA** did suffer adverse employment action, which is causally linked to his engagement in statutorily protected activity.

84.     **MOJICA**'s complaints and disclosures constitute a protected activity because his complaints and disclosures were concerning an unlawful activity of the Defendant.

85.     Said protected activity was the proximate cause of the Defendant's negative employment actions against **MOJICA**, which included Plaintiff's termination.

86.     Instead of investigating **MOJICA**'s complaints and lauding his honest reporting of violations of law, the Defendant retaliated against **MOJICA** by terminating his employment.

87.     The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the PWA.

88.     As a direct and proximate result of the violations of the PWA, as referenced and cited herein, **MOJICA** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

89.     As a direct and proximate result of the violations of the PWA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **MOJICA** is entitled to all relief necessary to make him whole as provided for under the PWA.

90.     As a direct and proximate result of the Defendant's actions, **MOJICA** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

    i.    Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had he maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

    ii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

    iii.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

    iv.    Temporary reinstatement under F.S. §112.3187(9)(f);

    v.    Reasonable attorney's fees plus costs;

    vi.    Compensatory damages, and;

    vii.    Such other relief as this Court shall deem appropriate.

## DEMAND FOR TRIAL BY JURY IS HEREBY MADE

Respectfully submitted,


Dated: May 6, 2022                **/s/ Benjamin H. Yormak_____**
                                  Benjamin H. Yormak
                                  Florida Bar Number 71272
                                  Lead Counsel for Plaintiff
                                  YORMAK EMPLOYMENT & DISABILITY LAW
                                  27200 Riverview Center Blvd., Suite 109
                                  Bonita Springs, Florida 34134
                                  Telephone: (239) 985-9691
                                  Fax: (239) 288-2534
                                  Email: byormak@yormaklaw.com