UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTIAN MOJICA,

    Plaintiff,

v.

CARMINE MARCENO, as the duly elected Sheriff of Lee County, Florida,

    Defendant.

Case No. 2:22-cv-00302-SPC-NPM

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW CARMINE MARCENO, as the duly elected Sheriff of Lee County Florida, ("Sheriff Marceno" or "Defendant"), by and through his undersigned counsel and pursuant to Rules 8(b) and 12(a) of the Federal Rules of Civil Procedure, hereby serves and files the following Answer and Affirmative Defenses to the Complaint filed by CHRISTIAN MOJICA ("Mojica" or "Plaintiff") in this litigation. With respect to each paragraph of Plaintiff's Complaint (D.E. 1) ("Complaint"), the Defendant responds as follows:

### INTRODUCTION

1.     Without knowledge and therefore denied.

### JURISDICTION AND VENUE

2.     It is admitted that under 28 U.S.C. § 1331, this Court has original jurisdiction over claims asserting a violation of the Americans with Disabilities Act, as amended ("ADA"). The allegations of Paragraph 2 otherwise are denied.

3. It is admitted that under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over any of Plaintiff's state law claims, including claims brought under the Florida Civil Rights Act, Fla. Stat. §§ 760.01 *et seq* ("FCRA") and the Florida Public Whistleblowers Act, §§ 112.3187-112.31895 ("Florida's PWA"), in the event that this Court determines that Plaintiff has exhausted his administrative filing obligations under Florida law and that Plaintiff's asserted state law claims are so related to Plaintiff's federal claims that they essentially form part of the same case or controversy for which this Court has original jurisdiction. The allegations of Paragraph 3 otherwise are denied.

4. It is admitted that per Local Rule 1.04(a), Local Rules for the Middle District of Florida, the Fort Myers Division of the United States District Court for the Middle District of Florida is the proper venue for claims against the Defendant asserting violations of the ADA. The allegations of Paragraph 4 otherwise are denied.

5. Without knowledge and therefore denied.

## PARTIES

6. It is admitted that Mojica is an individual who, for a period of time prior to the filing of this Answer and Affirmative Defenses, was employed by the Sheriff's Office and was a resident of Florida. Defendant is without knowledge regarding the remaining allegations of Paragraph 6, so they are therefore denied.

7. It is admitted that Carmine Marceno is the duly elected Sheriff of Lee County, Florida. It is further admitted that Defendant employs more than fifteen

employees and, for a period of time prior to the filing of this Answer and Affirmative Defenses, employed the Plaintiff. The allegations of Paragraph 7 otherwise are denied.

## GENERAL ALLEGATIONS

8. Admitted.

9. Denied.

10. Denied.

11. Without knowledge and therefore denied.

12. It is admitted that on or around January 18, 2021, Mojica commenced previously approved intermittent FMLA leave, citing the anticipated birth of his child. It is further admitted that Mojica returned from FMLA leave to full duty capacity on or around February 15, 2021. It is admitted that on or around March 1, 2021, Mojica undertook continuous FMLA leave until April 1, 2021, at which time he applied for and was approved to take intermittent FMLA leave. The remaining allegations of Paragraph 12 otherwise are denied.

13. Denied.

14. It is admitted that on or around March 10, 2021, Mojica's treating physician completed a Health Care Certification ("HCC"), in conjunction with Mojica's second request for intermittent FMLA leave, commencing in or around April of 2021. The allegations of Paragraph 14 otherwise are denied.

15. Denied.

16. Denied.

17. It is admitted that on or around April 27, 2021, met with Major Sands and Chief Smith to discuss his ongoing concerns with his current shift assignment and supervisor. It is further admitted that during this conversation, Plaintiff expressed that he felt he was being "targeted" through various disciplinary actions from his supervisor, and that in response to Plaintiff's complaints, Major Sands and Chief Smith indicated they would investigate Plaintiff's concerns. It is further admitted that following this meeting, Plaintiff subsequently submitted three written memorandums citing additional interpersonal issues arising through his interactions with various agency personnel on his shift. The remaining allegations of Paragraph 17 otherwise are denied.

18. Denied.

19. Without knowledge and therefore denied.

20. Denied.

21. Denied.

22. Denied.

23. It is admitted that Major Sands and Chief Smith held a follow up meeting with Mojica on or around June 8, 2021, and that during this meeting, Plaintiff's complaints were reviewed, and he was ultimately presented with the option to transfer to the Side-A nightshift at LCSO's CORE Facility, which Plaintiff accepted, indicating the transfer would help alleviate his work-related stress. The allegations of Paragraph 23 otherwise are denied.

24. Without knowledge and therefore denied.

25. It is admitted that on or around August 10, 2021, Defendant was notified that Plaintiff had filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission. The remaining allegations of Paragraph 25 otherwise are denied.

26. Without knowledge and therefore denied.

27. It is admitted that on or around December 7 and December 8, 2021, Plaintiff submitted three internal memorandums to Defendant's Office of Internal Affairs, describing various work-place grievances. It is further admitted that on or around December 27, 2021, Plaintiff submitted an appeal letter to Sheriff Marceno, via the Office of Internal Affairs, requesting that the response to his grievances be reviewed. The Defendant is without knowledge regarding the remaining allegations of Paragraph 27, so they are therefore denied.

28. Denied.

29. It is admitted that on or around February 24, 2022, Defendant terminated Mojica's employment.[1]

---

[1] Plaintiff's Complaint states that "[t]he Defendant was terminated February 24, 2022." Assuming this inadvertent error intends to describe the termination of *Plaintiff* from his employment with the Defendant, Defendant responds as indicated herein.

## COUNT I – DISABILITY DISCRIMINATION (ADAAA)

30. Defendant reasserts and incorporates by reference its responses to Paragraphs 1-29 of Plaintiff's Complaint as if fully set forth herein.

31. Without knowledge and therefore denied.

32. Without knowledge and therefore denied.

33. Denied.

34. Denied.

35. It is admitted that for a period of time prior to filing of this Answer and Affirmative Defenses, Mojica was an individual who had an employment relationship with the Sheriff's Office. The remaining allegations of Paragraph 35 otherwise are denied.

36. Without knowledge and therefore denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Without knowledge and therefore denied.

It is denied that Plaintiff is entitled to the relief requested in his WHEREFORE clause, or to any relief whatsoever.

### COUNT II – DISABILITY DISCRIMINATION (FCRA)

45. Defendant reasserts and incorporates by reference its responses to Paragraphs 1-29 of Plaintiff's Complaint as if fully set forth herein.

46. Without knowledge and therefore denied.

47. Without knowledge and therefore denied.

48. Denied.

49. Denied.

50. It is admitted that for a period of time prior to filing of these Answers and Affirmative Defenses, Mojica was an individual who had an employment relationship with the Defendant. It is further admitted that at a certain time prior to the filing of this Answer and Affirmative Defenses, Defendant was an "employer" within the meaning of the FCRA. The remaining allegations of Paragraph 50 otherwise are denied.

51. Without knowledge and therefore denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

It is denied that Plaintiff is entitled to the relief requested in his WHEREFORE clause, or to any relief whatsoever.

## COUNT III – RETALIATION (ADAAA)

60. The Defendant reasserts and incorporates by reference its responses to Paragraphs 1-29 of Plaintiff's Complaint as if fully set forth herein.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Without knowledge and therefore denied.

It is denied that Plaintiff is entitled to the relief requested in his WHEREFORE clause, or to any relief whatsoever.

## COUNT IV – RETALIATION (FCRA)

69. Defendant reasserts and incorporates by reference its responses to Paragraphs 1-29 of Plaintiff's Complaint as if fully set forth herein.

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION
SPDN-868764429-3090647

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

It is denied that Plaintiff is entitled to the relief requested in his WHEREFORE clause, or to any relief whatsoever.

## COUNT V – VIOLATION OF FLORIDA'S PWA

78. The Defendant reasserts and incorporates by reference its responses to Paragraphs 1-29 of Plaintiff's Complaint as if fully set forth herein.

79. It is admitted that for a period of time prior to the filing of this Answer and Affirmative Defenses, Mojica was an "employee" as that term is defined under Florida's PWA. It is further admitted that at a certain time prior to the filing of this Answer and Affirmative Defenses, Defendant had an employment relationship with Mojica. The allegations of Paragraph 79 otherwise are denied.

80. Admitted prior to a finding of sustained violations of untruthfulness. The allegations of Paragraph 80 otherwise are denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied

89. Denied.

90. Denied.

It is denied that Plaintiff is entitled to the relief requested in his WHEREFORE clause, or to any relief whatsoever.

## JURY TRIAL DEMAND

The Defendant acknowledges that Plaintiff has made a demand for a jury trial.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed in whole or in part for his failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot establish a *prima facie* case of disability discrimination under either the Americans with Disabilities Act or Florida Civil Rights Act.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff cannot demonstrate that he is a qualified individual with a disability under either the ADA or the FCRA.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to request a reasonable accommodation.

### FIFTH AFFIRMATIVE DEFENSE

Even assuming *arguendo* that Plaintiff is a qualified individual with a disability within the meaning of the ADA and/or FCRA, the Defendant fully met its obligations to engage in the interactive process with Plaintiff and provided him with one or more appropriate reasonable accommodations.

### SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff requested accommodations that were denied, Plaintiff's requested accommodations were unreasonable and/or would cause an undue hardship. Plaintiff is not entitled to the accommodations of his choice, unreasonable accommodations, or accommodations that violate state and federal law.

### SEVENTH AFFIRMATIVE DEFENSE

All employment actions taken by Defendant with respect to Plaintiff were taken for legitimate, nondiscriminatory and nonretaliatory reasons.

## EIGHTH AFFIRMATIVE DEFENSE

All actions taken by Defendant with respect to Plaintiff were taken in good faith compliance with all applicable laws, rules, and/or regulations and without any intent to deprive Plaintiff of any known legal rights.

## NINTH AFFIRMATIVE DEFENSE

To the extent that any of Plaintiff's allegations in this case were not timely raised in his Charge of Discrimination filed with the EEOC, those claims are barred due to Plaintiff's failure to exhaust administrative remedies.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims alleging discrimination and retaliation because of his disability in violation of the FCRA fail to state claims upon which relief can be granted, as Plaintiff did not ever file an administrative claim asserting violation(s) of the Florida Civil Rights Act of 1992, as amended, and now such claims are barred by Plaintiff's failure to exhaust administrative remedies.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with conditions precedent to bringing a claim under Fla. Stat. §112.3187 because he failed to complain about the matter(s) alleged in a written and signed complaint as required by Fla. Stat. §112.3187(7).

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with conditions precedent to bringing a claim under Fla. Stat. §112.3187 because he failed to disclose the information upon which his claim is based to Defendant as required by Fla. Stat. §112.3187(6).

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust all available contractual or administrative remedies prior to bringing his civil action, as required under Fla. Stat §112.3187(8).

## FOURTEENTH AFFIRMATIVE DEFENSE

Assuming *arguendo*, Plaintiff engaged in any activity protected by Fla. Stat. §112.3187, any adverse action taken by Defendant was predicated upon grounds other than, and would have been taken absent, the Plaintiff's exercise of rights protected by this section.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

Assuming *arguendo*, Plaintiff has satisfied all conditions precedent to bringing his claims in this matter, all of Plaintiff's claims which pertain to employment actions predating 180 days from the date of his lawsuit are barred by the Statute of Limitations in Fla. Stat. §112.3187(8)(b) and/or (c).

## SIXTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, the Plaintiff has failed to mitigate any damages he may have suffered.

### SEVENTEENTH AFFIRMATIVE DEFENSE

After-acquired evidence of the Plaintiff's misconduct bars the Plaintiff's claims and/or limits recovery of any alleged damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any damages available to Plaintiff are subject to any applicable limitations or caps.

### NINETEENTH AFFIRMATIVE DEFENSE

Any recovery available to Plaintiff is properly reduced by the amount of any interim earnings.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant has implemented and published comprehensive written policies against employment discrimination that expressly prohibit any form of discrimination based on national origin, among other things, a copy of which was disseminated to Plaintiff during his employment.

Defendant reserves the right to supplement its affirmative defenses as discovery progresses in this litigation.

### NOTICE OF INTENT TO SEEK ATTORNEYS' FEES AND COSTS

In accordance with any applicable law, Defendant hereby notifies Plaintiff that it will seek costs and an award of attorneys' fees in having to defend this litigation.

Dated this 12th day of July 2022.

Respectfully submitted,

*s/ David J. Stefany*
DAVID J. STEFANY
Florida Bar No. 438995
MAELYN M. MORRISON
Florida Bar No. 1018654
*Counsel for Defendant*
**ALLEN NORTON & BLUE, P.A.**
Hyde Park Plaza - Suite 225
324 South Hyde Park Avenue
Tampa, Florida 33606-4127
(813) 251-1210 | (813) 253-2006 – Fax
E-mail:    dstefany@anblaw.com
           mmorrison@anblaw.com
Secondary: lpurdy@anblaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of July 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Benjamin H. Yormak, YORMAK EMPLOYMENT & DISABILITY LAW, 27200 Riverview Center Blvd., Suite 109, Bonita Springs, FL 34134 (byormak@yormaklaw.com).

*s/ David J. Stefany*
ATTORNEY